**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 13-4519**

───────────────

UNITED STATES OF AMERICA,

 Plaintiff – Appellee,

 v.

NORMAN LEE,

 Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, Senior District Judge. (8:12-cr-00493-RWT-1)

───────────────

Submitted: March 24, 2014        Decided: March 27, 2014

───────────────

Before MOTZ and SHEDD, Circuit Judges, and DAVIS, Senior Circuit Judge.

───────────────

Dismissed by unpublished per curiam opinion.

───────────────

Teresa Whalen, LAW OFFICE OF TERESA WHALEN, Silver Spring, Maryland, for Appellant. Arun G. Rao, Christen Anne Sproule, Steven Edward Swaney, Assistant United States Attorneys, Greenbelt, Maryland, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Norman Lee pleaded guilty to conspiracy to possess with intent to distribute and distribute more than 100 grams of phencyclidine, in violation of 21 U.S.C. § 846 (2012). The district court sentenced Lee to 188 months of imprisonment and he now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether Lee's sentence is reasonable. Lee was informed of his right to file a pro se supplemental brief but has not done so. In addition, the Government has filed a motion to dismiss the appeal based on the waiver in the plea agreement. For the reasons that follow, we grant the Government's motion to dismiss the appeal.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2012). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). A waiver will preclude appeal of a specific issue if the waiver is valid and the issue is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. Id. at 168.

"The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the

right to appeal." Id. at 169 (citation omitted). To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991).

We have thoroughly reviewed the record and conclude that the district court fully complied with the requirements of Rule 11. We further conclude that Lee's waiver of his appellate rights was knowing and intelligent. The appellate waiver included Lee's right to appeal any issues related to his conviction or the sentence imposed, except a sentence above the advisory Guidelines range resulting from the finding that he was a career offender. Here, the district court sentenced Lee to the low end of that Guidelines range. Therefore, Lee has waived appellate review of his conviction and sentence.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues

for appeal. Accordingly, we grant the Government's motion to dismiss and dismiss the appeal. This court requires that counsel inform Lee, in writing, of the right to petition the Supreme Court of the United States for further review. If Lee requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lee. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>DISMISSED</u>